NO. 21-11747-EE

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

———————

UNITED STATES OF AMERICA,
*Plaintiff/appellee,*

v.

ROBERT DANIEL SOLOVE
*Defendant/appellant.*

———————

On Appeal from the United States District Court
For the Southern District of Florida

———————

BRIEF OF THE APPELLANT
ROBERT DANIEL SOLOVE

———————

MICHAEL CARUSO
   Federal Public Defender
BONNIE PHILLIPS-WILLIAMS
   Assistant Federal Public Defender
   Attorney for Appellant
   150 West Flagler Street, Suite 1500
   Miami, Florida 33130-1555
   Telephone No. (305) 536-6900

THIS CASE IS ENTITLED TO PREFERENCE
(CRIMINAL APPEAL)

---

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

## United States v. Robert Daniel Solove
## Case No. 21-11747-EE

Appellant files this Certificate of Interested Persons and Corporate Disclosure Statement, listing the parties and entities interested in this appeal, as required by 11th Cir. R. 26.1:

Adler, Robert, Assistant Federal Public Defender

Berry, Scott, Assistant Federal Public Defender

Brannon, Hon. Dave Lee, United States Magistrate Judge

Caruso, Michael, Federal Public Defender

Cave, Christine, Guardian ad Litem

Colan, Jonathan D., Assistant United States Attorney

Croke, Danielle Nicole, Assistant United States Attorney

Gonzalez, Juan Antonio, Acting United States Attorney

LaCosta, Anthony W., Assistant United States Attorney

Martens, Elaine, Guardian Ad Litem

Matthewman, Hon. William, United States Magistrate Judge

Middlebrooks, Hon. Donald M., United States District Judge

MV1, Victim

MV2, Victim

Orshan, Ariana Fajardo, Former United States Attorney

Phillips-Williams, Bonnie, Assistant Federal Public Defender

Reinhart, Hon. Bruce E., United States Magistrate Judge

Schiller, Gregory, Assistant United States Attorney

Smachetti, Emily M., Assistant United States Attorney

Solove, Robert, Appellant

United States of America, Appellee


/s/ Bonnie Phillips-Williams
BONNIE PHILLIPS-WILLIAMS

## STATEMENT REGARDING ORAL ARGUMENT

The defendant respectfully submits that oral argument is not necessary to the just resolution of this appeal.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE
DISCLOSURE STATEMENT ....................................................... C-1

STATEMENT REGARDING ORAL ARGUMENT ................................... i

TABLE OF CITATIONS ........................................................... iv

STATEMENT OF SUBJECT MATTER AND APPELLATE
JURISDICTION .............................................................. vii

STATEMENT OF THE ISSUES ............................................... 1

STATEMENT OF THE CASE ............................................... 2

Course of Proceedings and Disposition in the District Court ........ 2

Statement of Facts ........................................................... 4

Standards of Review ........................................................ 6

SUMMARY OF THE ARGUMENT ........................................... 7

ARGUMENT AND CITATIONS OF AUTHORITY ................................ 8

I.    The court erred when it denied Mr. Solove's Motion to
Suppress the defendant's "Kik" subscriber records, including
location information, without a warrant was a violation of Mr.
Solove's reasonable privacy expectation under the Fourth
Amendment. ................................................................... 8

A.    The government violated Mr. Solove's expectation of privacy in his physical movements when it obtained 30 days of location information without a warrant....................8

B.    As in Carpenter, the instant Kik data is "cell phone location records," and due to their unique nature they constitute an exception to the third party doctrine..............15

CONCLUSION ..........................................................................19

CERTIFICATE OF COMPLIANCE......................................................20

CERTIFICATE OF SERVICE.................................................................21

# TABLE OF CITATIONS

## Cases

*Carpenter v. United States,*
  138 S.Ct. 2206 (2018)................................................................*Passim*

*Dorman v. United States,*
  140 U.S.App.D.C. 313 (1970) ...............................................10

*Ferguson v. City Of Charleston,*
  532 U.S. 67, 121 S.Ct. 1281 (2001) ......................................16

*Katz v. United States,*
  389 U.S. 347, 88 S.Ct. 507 (1967) ..........................................8

*Kyllo v. United States,*
  533 U.S. 27, 121 S.Ct. 2038 (2001) ....................................8, 13, 14, 15

*Payton v. New York,*
  445 U.S. 573, 100 S.Ct. 1371 (1980) ..............................10, 14

*Riley v. California,*
  573 U.S. 373, 134 S.Ct. 2473 (2014) ....................................18

*Smith v. Maryland,*
  442 U.S. 735, 99 S.Ct. 2577 (1979) ................................16, 17

*Stoner v. California,*
  376 U.S. 483, 84 S.Ct. 889 (1964) ........................................16

*United States v. Gibson,*
  708 F.3d 1256 (11th Cir. 2013) ..............................................6

*United States v. Graham,*
  796 F.3d 332 (4th Cir. 2015) ................................................15

*United States v. Hastie,*
  854 F.3d 1298 (11th Cir. 2017) ............................................................ 11

*United States v. Jacobson,*
  466 U.S. 109, 104 S.Ct. 1652 (1984) .................................................... 16

*United States v. Jones,*
  565 U.S. 400, 132 S.Ct. 945 (2012) ...................................................... 12

*United States v. Karo,*
  468 U.S. 705, 104 S.Ct. 3296 (1984) ............................................... 13, 14

*United States v. Miller,*
  425 U.S. 435, 96 S.Ct. 1619 (1976) ...................................................... 16

*United States v. Trader,*
  981 F.3d 961 (11th Cir. 2020) ....................................................... 7, 8, 9

## Statutes

18 U.S.C. § 1470 .................................................................................... 3

18 U.S.C. § 2251 .................................................................................... 2

18 U.S.C. § 2422(b) ............................................................................... 3

18 U.S.C. § 2702 .................................................................................... 8

18 U.S.C. § 2721 .................................................................................. 11

18 U.S.C. § 3231 .................................................................................... 7

18 U.S.C. § 3742 .................................................................................... 7

18 U.S.C. § 2251 .................................................................................... 3

18 U.S.C. § 2252 ................................................................................. 2, 3

28 U.S.C. § 1291 ......................................................................................7

## Rules and Constitutional Provision

Fed. R. App. P. 32(a)(5) .......................................................................21

Fed. R. App. P. 32(a)(6) .......................................................................21

Fed. R. App. P. 32(a)(7)(B) ..................................................................21

Fed. R. App. P. 32(f) ............................................................................21

U.S. Const. Amend IV ............................................................................8

## STATEMENT OF SUBJECT MATTER
## AND APPELLATE JURISDICTION

The district court had jurisdiction of this case pursuant to 18 U.S.C. § 3231 because the defendant was charged with an offense against the laws of the United States. The court of appeals has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, which give the courts of appeals jurisdiction over all final decisions and sentences of the district courts of the United States. The appeal was timely filed on May 21, 2021 (DE 69), from the final judgment and commitment entered on May 20, 2021, (DE 68), which disposes of all claims between the parties to this cause.

## STATEMENT OF THE ISSUES

**I.**    **The court erred when it denied Mr. Solove's Motion to Suppress the defendant's "Kik" subscriber records, including location information, without a warrant was a violation of Mr. Solove's reasonable privacy expectation under the Fourth Amendment.**

**A.**    **The government violated Mr. Solove's expectation of privacy in his physical movements when it obtained 30 days of location information without a warrant**

**B.**    **As in *Carpenter*, the instant Kik data is "cell phone location records," and due to their unique nature they constitute an exception to the third party doctrine.**

1

## STATEMENT OF THE CASE

The appellant was the defendant in the district court and will be referred to by name or as the defendant. The appellee, United States of America, will be referred to as the government. The record will be noted by reference to the document number as set forth in the docket sheet.

The defendant is incarcerated.

## Course of Proceedings and Disposition in the District Court

Mr. Solove was charged by Superseding Information with production of child pornography from on or about January 1, 2020, through on or about January 29, 2020, as to MV1 in violation of 18 U.S.C. § 2251(a) and (e), (Count 1), and the same charge as to MV2 on or about January 21, 2020. (Count 2).   In Counts 3 through 4 Mr. Solove was charged with distribution of child pornography as to MV1 on January 30, 2020 (Count 3), and February 14, 2020 (Count 4) in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1).   In Count 5 Mr. Solove was charged with possession of child pornography on February 19, 2020 in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2).   In Count 6 Mr. Solove was charged with engaging in a child exploitation enterprise from January 29, 2020, continuing through on or about January 31, 2020, in violation of Title 18

U.S.C. § 2252A(g).    In Counts 7 through 11 Mr. Solove was charged with distribution of child pornography on January 29, 2020, involving MV2, (Count 7), an unknown child on the same date (Counts 8 and 9), on February 14, 2020, involving MV1, (Count 10), and an unknown child on February 15, 2020, (Count 11), all in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1).    In Counts 12 and 13 Mr. Solove was charged with production of child pornography on January 1, through January 29, 2020, involving MV1 (Count 12), and July 15, 2018, through December 31, 2019, involving MV 1 (Count 13) in violation of 18 U.S.C. §§ 2251(a) and (c). In Count 14 Mr. Solove was charged from on or around May 2019, through on or about February 18 2020, with enticement of a minor to engage in sexual activity involving MV2 in violation of 18 U.S.C. § 2422(b).    In Count 15 Mr. Solove was charged with transferring obscene material to a minor between January 12, 2020, to on or about February 8, 2020, involving MV2 in violation of 18 U.S.C. § 1470.    In Counts 16 and 17 Mr. Solove was charged with production of child pornography involving MV2 on January 12, 2020 (Count 16) and February 8, 2020, (Count 17), in violation of 18 U.S.C. §§ 2251(a) and (c).    Mr. Solove was also charged with a related forfeiture count.

Mr. Solove filed a Motion to Suppress the government's obtaining his IP address without a warrant. (DE 15). The court denied the Motion to Suppress without a hearing. (DE 19). Mr. Solove entered into a plea agreement with the government, where he agreed to plead guilty to counts 1 through 5, and the government agreed to dismiss the remainder of the charges, and agreed to the forfeiture as set forth in the Information. Mr. Solove reserved his right to appeal the denial of his Motion to Suppress, but Mr. Solove waived his right to appeal his sentence. (DE 46).

Mr. Solove was sentenced to three hundred sixty months as to Counts 1 and 2, to run concurrently with one another, and two hundred forty months as to Counts 3 through 5 to run concurrently with one another but consecutively to the sentence in Counts 1 and 2 for a total sentence of six hundred months. (DE 68).

## Statement of Facts

On February 14, 2020, a special agent of the Homeland Security Investigations was online in the social networking application called "KIK." (DE 50:18). The agent observed a user using the name "RSolove99," later identified as Mr. Solove post a picture of a

prepubescent child – later identified as Mr. Solove's daughter, and identified in the case as MV1.   The image revealed MV1 naked from the waist down with her genitals exposed to the camera. The agent acting in an undercover capacity asked if MV1 was his daughter.   Mr. Solove then sent a video of MV1 using her hand to manipulate his penis.   Mr. Solove at first denied MV1 was his daughter, but then admitted that she was. (DE 50:19).   Mr. Solove denied to the agent that the child's mother knew that he and she had "done a few things."   The agent then sent an "emergency disclosure request" to KIK to get the IP address and user information that was used for the communication on February 14, 2020. AT&T replied to the emergency request and provided information that the IP address was assigned to MV1's grandmother who resided in Boca Raton, Florida.   On February 19, 2020, HSI and the Palm Beach Sheriff's Department executed a search warrant at the residence.   (DE 50:20).   Present at the house was Mr. Solove, MV1, the child's mother, grandmother and the grandmother's husband.   (DE 50:20-21).

The agents found two cellular phones that were attributable to Mr. Solove.   One of the cell phones did access the KIK application.   (DE 50:21).   Mr. Solove was arrested and interviewed at the Sheriff's office.

During the interview, Mr. Solove admitted the images from the February 14, 2020, chat were of his daughter, and he had sent them to other KIK users.    The investigation revealed that the images were produced sometime between January 21 and 29, 2020.    (DE:50:22).

After Mr. Solove's arrest, agents of HSI became aware of another investigation into Mr. Solove and KIK on January 29, 2020, wherein Mr. Solove posted videos of a teenage female, later identified as Minor Victim Two.    (DE 50:22-23).    In Mr. Solove's cellular phone agents identified MV2 as a 14 year-old girl who resided in Oklahoma, and she and Mr. Solove exchanged videos of themselves masturbating.    (DE 50:24).    MV2 was identified and interviewed, and she confirmed the online applications used and Mr. Solove's request for the masturbatory videos. (DE 50:26).

## Standards of Review

In an appeal of the denial of a motion to suppress, this Court reviews findings of fact for clear error, and views the evidence in the light most favorable to the prevailing party, and reviews the application of the law *de novo*.    *United States v. Gibson*, 708 F.3d 1256, 1274 (11th Cir. 2013).

6

## SUMMARY OF THE ARGUMENT

The court erred when it denied Mr. Solove's Motion to Suppress the government's emergency request to obtain Mr. Solove's location and internet protocol address from Kik and AT&T. This Court held in *United States v. Trader*, 981 F.3d 961 (11th Cir. 2020), that the Supreme Court's decision in *Carpenter v. United States*, 138 S.Ct. 2206 (2018), did not apply to email address and internet protocol addresses. *Id.* at 968. That decision was in error. It is Mr. Solove's position that the information provided was more intrusive than the location information obtained in *Carpenter*. Therefore, the court erred when it denied Mr. Solove's Motion to Suppress.

7

## ARGUMENT AND CITATIONS OF AUTHORITY

**I.    The court erred when it denied Mr. Solove's Motion to Suppress the defendant's "Kik" subscriber records, including location information, without a warrant was a violation of Mr. Solove's reasonable privacy expectation under the Fourth Amendment.**

**A.    The government violated Mr. Solove's expectation of privacy in his physical movements when it obtained 30 days of location information without a warrant.**

The Fourth Amendment protects individuals from unreasonable searches and seizures.    U.S. Const. Amend IV; *Katz v. United States*, 389 U.S. 347, 353, 88 S.Ct. 507, 512 (1967).    Under the Fourth Amendment, a search occurs when the government intrudes into an area in which a person has a reasonable expectation of privacy.    *Kyllo v. United States*, 533 U.S. 27, 33, 121 S.Ct. 2038, 2042 (2001).    In the instant case, the government unreasonably invaded Mr. Solove's privacy by requesting records of his location and other Internet account information from Kik and AT&T under 18 U.S.C. § 2702(b) and (c).    That evidence should have been suppressed, as well as any and all evidence emanating from that intrusion.

This Court held in *United States v. Trader*, 981 F.3d 961 (11th Cir. 2020), that the Supreme Court's decision in *Carpenter v. United States*,

8

138 S.Ct. 2206 (2018), did not apply to email address and internet protocol addresses. *Id.* at 968. That decision was in error. Mr. Trader has filed a Petition for Certiorari to the Supreme Court. The material in question in this case falls within the purview of *Carpenter*. Each KiK entry reveals the exact time, the Internet Protocol Address ("IP Address"), and whether the user is accessing the Internet at the physical location of the Internet modem or whether the access was through a cellular device. The response also included the account user's Email address and the brand and model of the user's cell phone. The response included records for the 30-day period prior to the date requested by the government.

The type of information released in the instant case is arguably even more invasive and deserving of privacy protection than the CSLI obtained in *Carpenter*. First, the KiK response was primarily information obtained from *within the defendant's home*. It is "a basic principle of Fourth Amendment law that searches and seizures inside a home without a warrant are presumptively unreasonable. . . '[A] greater burden is placed . . . on officials who enter a home or dwelling without

consent.    Freedom from intrusion into the home or dwelling is the archetype of the privacy protection secured by the Fourth Amendment.'" *Payton v. New York*, 445 U.S. 573, 586, 100 S.Ct. 1371, 1380 (1980) (quoting *Dorman v. United States*, 140 U.S.App.D.C. 313, 435 (1970)). By monitoring when Mr. Solove signed onto KiK through the modem in his home, law enforcement was conducting its search within the confines of his home without a warrant.    Such a search is more intrusive than CSLI gathered from public locations.

Location monitoring is not the only privacy concern here.    Law enforcement also requested, and KiK released the subscriber's "IP addresses."    An IP address is the exact Internet electronic address of a particular Internet subscriber account.    In addition to indicating the specific location of the user at the time of use, a significant portion of the user's Internet history could be recovered.    A sophisticated and unscrupulous snooper can uncover intimate details about the user's Internet activities.    *See, What Is An IP Address And What Can It Reveal About You*, Cale Weissman, Business Insider, 2015, http://www.businessinsider.com/ip-address-what-they-can-reveal-about-you-2015-5.    Additionally, it is important to note that an IP address is

not provided by the subscriber to an application provider such as "KiK." Instead, the IP address is assigned by the subscriber's Internet provider, without input or control of the subscriber.

Law enforcement also requested, and KiK released, the email address of the subscriber.  As anyone in modern society knows, one's email address is often the first part of the secured entry process for Internet accounts.  Everything from bank account and credit card access to on-line entertaining and dating services is now accessed through the use of one's email address.  Revealing an email address can literally reveal the entirety of an individual's private life.  Security concerns abound.  *See e.g., Five Reasons You Shouldn't Give Out Your Email Address,* Adam Levin, ABC News, *http://abcnews.go.com/Business/reasons-give-email-candy/story?id =31373966*.  This Court has found that email addresses are "personal information" worthy of protection.  *See, e.g., United States v. Hastie*, 854 F.3d 1298 (11th Cir. 2017) (email address is protected "personal information" under the Drivers Privacy Protection Act, 18 U.S.C. § 2721 *et seq*.)

The agents never physically observed the Mr. Solove at his

11

residence and they did not need to do so. They already had him under round-the-clock surveillance by means of 30 days of Kik records. "The retrospective quality of the data here gives police access to a category of information otherwise unknowable. In the past, attempts to reconstruct a person's movements were limited by a dearth of records and the frailties of recollection. With access to [the location information here], the government can now travel back in time to retrace a person's whereabouts . . . Police need not even know in advance whether they want to follow a particular individual, or when . . . whoever the suspect turns out to be, he has effectively been tailed every moment of every day . . . without regard to the constraints of the Fourth Amendment." *Carpenter*, 138 S.Ct. at 2218.

Since the Kik information came from Mr. Solove's cellular telephones, the information was basically tracking Mr. Solove for the thirty day period that was provided by Kik. The tracking of a person's movements in this case is the same wrong addressed in *Carpenter*. The only difference is the means used by law enforcement to do the tracking. Both means have many of the qualities of the GPS monitoring considered in *United States v. Jones*, 565 U.S. 400, 132 S.Ct. 945 (2012). There, the

court found that the attachment of a GPS device to an automobile was a search under the Fourth Amendment.  "[The GPS device] is detailed, encyclopedic, and effortlessly compiled."  And so is the information here. It is automatically and effortlessly recorded.  There is no conscious relinquishment by the subject.  It is detailed to the extent of every mobile or static access of the application.  And since Kik is a password protected application, it permits law enforcement to verify the identity of the user with greater certainty than CSLI.  Like Carpenter and Jones, the defendant had a reasonable expectation of privacy in the movements recorded.  Again, there is no meaningful distinction.

And it cannot be questioned that citizens have a heightened expectation of privacy in their own homes.  *See generally*, *United States v. Karo*, 468 U.S. 705, 104 S.Ct. 3296 (1984) (government not free to monitor beepers in private residence without a warrant).  "We have said that the Fourth Amendment draws 'a firm line at the entrance to the house' . . . That line, we think, must not only be firm but also bright." *Kyllo v. United States*, 533 U.S. 27, 40, 121 S.Ct. 2038, 2046 (2001) (quoting *Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371 (1980)).

13

As previously noted, law enforcement was also made privy to the times of contact over the entire 30 day period. This information is arguably greater than that considered in *Kyllo* and *Karo*. In *Kyllo*, law enforcement simply conducted thermal imaging of a home for "a few minutes." In *Karo*, law enforcement delivered a container with a concealed beeper to a home and monitored the beeper while it was in the home. In both cases, the Supreme Court found that a warrant was required. In both cases, the Court essentially held that officers can't simply do through technology what could not do in person. Here, the principles should apply in the same fashion. Homeland Security agents could not have entered the defendant's home to determine whether he was there without a warrant. Under *Kyllo* and *Karo*, they should not be able to do the same thing through an emergency request. A warrant was required.

Further, *any* unreasonable intrusion into the sanctity of the home is sufficient to require a warrant. "The Fourth Amendment's protection of the home has never been tied to measurement of the quality or quantity of the information obtained . . . In the home, our cases show, *all* details are intimate details, because the entire area is held safe from

14

*prying government eyes.*"  *Kyllo*, 533 U.S. at 37, 121 S.Ct. at 2045 (emphasis in original).  "The *Karo* and *Kyllo* courts recognized the location of a person and her property within a home at a particular time as a 'critical' private detail protected from the government's intrusive use of technology."  *United States v. Graham*, 796 F.3d 332, 346 (4th Cir. 2015).

Here, law enforcement used Kik's historical IP address contacts to locate and surveil the Mr. Solove in his home over a 30 day period.    Prior to demanding the information, law enforcement did not know the Mr. Solove's identity or location.    Law enforcement used technology not generally used by the public to essentially reach through the defendant's cellular phone application and into his home.    In doing so, they violated his right to a reasonable expectation of privacy in his own home.

## B.  As in *Carpenter*, the instant Kik data is "cell phone location records," and due to their unique nature they constitute an exception to the third party doctrine.

While it remains the law that an individual generally loses her expectation of privacy in information turned over to a third party, *Smith v. Maryland*, 442 U.S. 735, 99 S.Ct. 2577 (1979), information in the hands of a third party is not categorically excluded from protection under the

Fourth Amendment. *See*, *Carpenter v. United States*, ___ U.S. ___, 138 S.Ct. 2206 (2018); *Ferguson v. City Of Charleston*, 532 U.S. 67, 121 S.Ct. 1281 (2001) (patient retained an expectation of privacy in drug tests done without patient's permission); *United States v. Jacobson*, 466 U.S. 109, 104 S.Ct. 1652 (1984) (sealed letters and packages in the hands of a commercial carrier are still effects in which the sender has an expectation of privacy); *Stoner v. California*, 376 U.S. 483, 84 S.Ct. 889 (1964) (hotel room renter retains expectation of privacy in room's contents despite hotelier's consent to search).

*Smith* and *United States v. Miller* 425 U.S. 435, 96 S.Ct. 1619 (1976) are distinguishable from the facts of this case for multiple reasons. "There is a world of difference between the limited types of personal information addressed in *Smith* and *Miller* and the exhaustive chronicle of location information casually collected by wireless carriers today." *Carpenter*, 138 S.Ct. at 2219.

First, *Smith* and *Miller* did not concern a record of the physical movements of the defendant. *Smith* involved a pen register, which revealed "little or no identifying information." *Smith*, 442 U.S. at 742, 99 S.Ct. at 2577. *Miller* involved checks, which the issuer loses control

16

of when the check is negotiated. The instant records contain a comprehensive timeline of the defendant's location over a month-long period. They are significantly more detailed and intrusive than a pen register or a cancelled check. And notwithstanding that the records were generated for a commercial purpose, a citizen maintains an "anticipation of privacy in his physical location." *Carpenter*, 138 S.Ct. at 2217.

Contrary to this Court's decision in Trader, the instant case involved the tracking of a cellular phone, just as in *Carpenter*. Kik is exclusively a cellular phone application. The *Carpenter* Court was not concerned by the *means* of tracking a cellular phone; it was concerned about the *effect* of tracking that caused the Court to carve an exception from *Smith* and *Miller*. The Court noted that the cellular phone has become "almost a feature of the human anatomy," its tracking "achieves near perfect surveillance, as if it had attached an ankle monitor to the phone's user." 138 S.Ct. at 2218; *see also, Riley v. California*, 573 U.S. 373, 393, 134 S.Ct. 2473, 2489 (2014) (discussing the unique nature of modern cellular phones in the context of Fourth Amendment privacy concerns). Every time Mr. Solove accessed Kik, each access recorded

17

his location, and thus his movements. "Given the unique nature of cell phone location records, the fact that the information is held by a third party does not by itself overcome the user's claim to Fourth Amendment protection." *Carpenter*, 138 S.Ct. at 2217. The instant Kik records are unquestionably "cell phone location records."

Finally, as in *Carpenter*, the information obtained was totally retrospective in nature. It was obtained with little or no effort and expense. Kik, presumably collects the same records on all of its customers. "[T]he government can now travel back in time to retrace a person's whereabouts, subject only to the retention policies of the wireless carriers . . . this newfound tracking capacity runs against everyone." 138 S.Ct. at 2218. Law enforcement can effortlessly, and without expense, obtain the intimate day-to-day past movements of any particular person using the application.[1] For this degree of intrusion a warrant must be required.

_____

[1] Kik accounts are password protected, thus indicating the identity of the user as well as the location.

18

Therefore, based upon the factors relied upon in *Carpenter*, the instant case presents the same concerns and an equal, or even greater, invasion into the privacy of a citizen's location. Suppression in this case does not call for an extension of *Carpenter*; it is simply the proper application of the holding in *Carpenter*.

## CONCLUSION

This Court should reverse the court's denial of Mr. Solove's Motion to Suppress and remand the case, or stay this case pending the Supreme Court's decision on Trader's Petition for Certiorari.

MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER

*/s/ Bonnie Phillips-Williams*
BONNIE PHILLIPS-WILLIAMS
Assistant Federal Public Defender
150 West Flagler Street, Suite 1500
Miami, Florida 33130-1555
Telephone No. (305) 530-6900

## CERTIFICATE OF COMPLIANCE

I CERTIFY that this brief complies with the type-volume limitation and typeface requirements of Fed. R. App. P. 32(a)(7)(B), because it contains 3,547 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief also complies with the requirements of Fed. R. App. P. 32(a)(5) and (a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point, Century Schoolbook font.

*/s/ Bonnie **Phillips-Williams***
BONNIE **PHILLIPS-WILLIAMS**

20

## CERTIFICATE OF SERVICE

I HEREBY certify that on this date, August 9, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and sent seven copies to the Clerk of the Court via third party commercial carrier for delivery within three days. I also certify that the foregoing document is being served this day via CM/ECF on Emily Smachetti, Assistant United States Attorney, 99 N.E. 4th Street, Miami, Florida 33132.

*/s/ Bonnie **Phillips-Williams***
BONNIE **PHILLIPS-WILLIAMS**